J-S06011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAHMIR WAITERS | : | |
| | : | |
| Appellant | : | No. 1073 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 13, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0008754-2018.

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 28, 2022**

Jahmir Waiters appeals *nunc pro tunc* from the judgment of sentence of 20 to 40 years of imprisonment entered following his open guilty plea to aggravated assault, robbery, and criminal conspiracy to commit robbery.[1] Waiters challenges the discretionary aspects of his sentence, requesting that we vacate the order of sentence and remand.  The Commonwealth agrees that we should remand.  Because the sentencing court did not identify the correct guidelines, we are constrained to vacate and remand for resentencing.

On August 26, 2017, Waiters and another man robbed Lebel Pizza in Philadelphia.  There were 12 people inside, including Aaron Palmer, the owner; Anna Wilson; and J.P, Mr. Palmer's 16-year-old daughter.  Waiters and his co-

_____

[1] 18 Pa.C.S.A. §§ 2702(a), 3701(a)(1)(i), and 903(c).  These correspond to Counts 1, 2, and 3 of the criminal information and are the subsections indicated on the order of sentence.

conspirator wore masks and gloves and carried firearms. At gunpoint, they ordered the people inside to get on the floor and put their hands up. Waiters' co-conspirator ordered Mr. Palmer to freeze and ordered Ms. Wilson to open the cash register. While J.P. was sitting on the floor, Waiters kicked J.P. and slid his gun across her forehead. Waiters took $325 from the register.

Waiters and his co-conspirator fled by car. Mr. Palmer drove after them. Waiters and his co-conspirator got out of their car and shot towards Mr. Palmer's car, hitting the windshield, grille, hood, and headlights. The value of the totaled car was $3,000.00. Mr. Palmer was not hit. Waiters was identified by DNA from a glove that was recovered from the street.

In connection with the incident, Waiters was charged with 15 counts. On October 9, 2019, Waiters entered an open guilty plea to aggravated assault, robbery, and criminal conspiracy, all graded as felonies of the first degree.[2] The court ordered a pre-sentence investigation and mental health evaluation. N.T., 10/9/19, at 5–6.

The Commonwealth submitted a sentencing memorandum on March 12, 2020. Based on Waiters' Prior Record Score (PRS) of 0, the Commonwealth indicated that the guidelines were 40–54 months for aggravated assault and robbery and 30–42 months for conspiracy, all with aggravated and mitigated ranges of plus or minus 12 months. The Commonwealth recommended

---

[2] Waiters completed a written colloquy indicating that he was also pleading guilty to violation of the Uniform Firearms Act, 18 Pa.C.S.A. § 6105(a)(1). However, this and the eleven other remaining charges were *nolle prosse*d.

concurrent sentences within the guidelines for an aggregate term of 6 to 12 years of incarceration.

Waiters appeared for sentencing on March 13, 2020. Prior to imposing sentence, the sentencing court indicated a concern that the co-conspirator remained at large, and that this could affect its sentencing decision:

THE COURT: The other co-defendant is out there on the street; is that right?

[Prosecutor]: That's correct, Your Honor.

* * *

THE COURT: Let me just say this: I've got a guy out on the street. I've got a guy who robbed a pizza shop, and I don't know how much mitigation you get when you kick a 16-year-old girl in the stomach and you rob people at gunpoint, I don't know how much mitigation you can get, but you can talk to me and maybe I can give him some mitigation. But right now he's facing F-1 robbery, F-1 conspiracy, and F-1 aggravated assault.

I'm going to merge the aggravated assault into the robbery. I will merge that, but the conspiracy flows separately. It's one thing if you want to rob people and take their money, but when you start kicking people and beating people, that's hyping it.

It's like when you go in to rob a bar. You tell the barmaid, "Gimme the money." You don't rape the barmaid and kick her, and you don't rob the other patrons. You've got a robbery. You take the money and go out, but you don't rob all the patrons in there, and you don't rape [her], and kick her, and brutalize her.

So, now, we've got a situation where you kicked this girl who was 16 years old in a pizza shop? I'll merge the aggravated assault and the robbery, F-1. I'll merge them, but I see no real mitigation in this.

Now, I'm looking for a co-defendant who's out there. He is still robbing people. I've got him. He's still out there on the run. Every time I listen to KYW I'm thinking is that the guy? So, you didn't mitigate in any way and you didn't tell me who did what, when, or where.

So, if you want to do it, fine, but it's going to be stacked. I'm telling you it's going to be stacked right now. **If I'm not getting any information, it's going to be stacked.** I can sleep at night and rest and listen to KYW and know it wasn't my guy because I got him.

So, what do you want to do? I can give you a date and if you want to reconsider, you can talk to the DA about it, or not. But I'm telling you, hint, hint, **I'm going to drop a bomb.**

N.T., 3/13/20, at 6–7 (emphasis added). After conferring with his attorney, Waiters indicated that he would proceed to sentencing. Addressing the court, Waiters apologized. *Id.* at 9. Counsel indicated the following guidelines:

[Defense counsel]: Your Honor, the guideline[s] call for 40 to 54 plus or minus. As a matter of fact that's on the aggravated assault. **The robbery, and correct me if I'm wrong,** [Prosecutor], **is 31 to 45 plus or minus.**

[Prosecutor]: **That's correct.**

*Id.* at 11–12 (emphasis added).[3]

The sentencing court merged the aggravated assault and the robbery for sentencing purposes. For robbery, the court sentenced Waiters to a term of 10 to 20 years. For conspiracy, the court sentenced Waiters to a term of 10 to 20 years, consecutive to the sentence for the robbery conviction, for an aggregate sentence of 20 to 40 years.[4] The court summarized its reasoning:

The guidelines are not appropriate for this case. I stated my reasons for the sentencing. It's a brutal case where you kicked a

---

[3] In reality, this was incorrect. As discussed herein, the correct guideline range for robbery under 18 Pa.C.S.A. § 3701(a)(1)(i) as applied to this case is 66 to 84 months. *See* note 5, *infra*.

[4] Waiters was also sentenced to pay restitution based on the money stolen and the car damage.

16-year-old girl and robbed them at gunpoint. That cannot be tolerated.

I stated my reasons on this record: rehabilitation, punishment, and protection of the public. That is the sentence, and I merged the robbery because I think the robbery and aggravated assault merge. The conspiracy does not.

*Id.* at 16.

On March 19, 2020, Waiters moved for reconsideration, arguing that the sentence imposed was an abuse of discretion. The motion was denied by operation of law on July 20, 2020.

On December 14, 2020, Waiters filed a petition for post-conviction relief to reinstate his direct appeal rights *nunc pro tunc*. The petition was granted on May 24, 2021. This appeal followed. Waiters and the sentencing court complied with Pennsylvania Rule of Appellate Procedure 1925.

Waiters raises the following issue on appeal:

Did the [sentencing] court abuse its discretion by imposing an unreasonable and manifestly excessive sentence that failed to adhere to the general sentencing principles set forth in 42 Pa.C.S.A. § 9721(b), in that the [c]ourt imposed a sentence that exceeded what was necessary to protect the public, the complainants, and the community, failed to fully consider the appellant's background and character, and imposed a sentence that was well beyond what was necessary to foster the rehabilitative needs of appellant, and failed to state adequate reasons for imposing such a lengthy sentence on the record?

Waiters' Brief at 3.

The Commonwealth phrases its counter-statement of the question involved as follows:

Is remand for resentencing required when the [sentencing] court imposed two above-guidelines sentences without stating on the record that it was aware of the correct guideline ranges?

Commonwealth's Brief at 1.

Waiters challenges the discretionary aspects of his sentence. Before we can address the merits of this issue, we must determine whether Waiters has properly invoked this Court's jurisdiction:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Renninger*, ___ A.3d ___, 2022 PA Super 2, at 12 (Jan. 3, 2022) (*en banc*) (quoting *Commonwealth v. Beatty*, 227 A.3d 1277, 1286–87 (Pa. Super. 2020)).

Here, Waiters' notice of appeal is timely after his direct appeal rights were reinstated *nunc pro tunc*. *See Commonwealth v. Solomon*, 151 A.3d 672, 676 (Pa. Super. 2016) (treating an appeal filed following such reinstatement to be timely). Waiters preserved the issue in a motion to reconsider sentence. Waiters included a Rule 2119(f) statement in his brief. Waiters' Brief at 7–10. Therefore, we consider whether Waiters has raised a substantial question for our review.

To determine if there is a substantial question, we consider the reasons provided in the Rule 2119(f) statement, rather than the underlying facts of

the appeal. ***Commonwealth v. Ahmad***, 961 A.2d 884, 886–87 (Pa. Super. 2008) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)). We do not "accept bald allegations of excessiveness" but do find a substantial question if a Rule 2119(f) statement articulates how "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Mouzon***, 812 A.2d 617, 627 (Pa. 2002); *accord **Commonwealth v. Watson***, 228 A.3d 928, 935–36 (Pa. Super. 2020).

A claim that a sentencing court did not consider mitigating factors and rehabilitative needs does not raise a substantial question, unless it is combined with a claim that a sentence is excessive. ***Commonwealth v. Caldwell***, 117 A.3d 763, 769–70 (Pa. Super. 2015). Likewise, a sentencing court's decision to impose consecutive sentences does not raise a substantial question, unless the total sentence appears to be excessive in light of the criminal conduct at issue. ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011) (finding a substantial question based on an aggregate sentence of 633 to 1,500 years).

Here, Waiters states in his Rule 2119(f) statement that when it imposed consecutive maximum sentences, the sentencing court did not consider his unique circumstances or his rehabilitative needs, but focused only on his failure to name his co-conspirator and the seriousness of the offense. Waiters' Brief at 8–9. He states that this resulted in an excessive, unjustified sentence.

J-S06011-22

*Id.* at 9. We conclude that Waiters has raised a substantial question for our review. *Caldwell*, *supra*; *Prisk*, *supra*. We therefore proceed to address the merits of Waiters' claim.

In reviewing the merits of a challenge to the discretionary aspects of sentencing, we are mindful of our deferential standard of review. As our Supreme Court has explained:

> It is well settled that "the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." [*Commonwealth v.*] *Walls*, [926 A.2d 957, 961 (Pa. 2007)]. An abuse of discretion "is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless 'the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.'" *Id.* (citation omitted). An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion. *Id.* Indeed, as we explained in *Walls*, there are significant policy reasons underpinning this deferential standard of review:
>
>> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

*Id.* [at] 961–62 (citations and footnote omitted).

***Commonwealth v. Perry***, 32 A.3d 232, 236–37 (Pa. 2011). Recognizing a sentencing court's discretion to order sentences to run consecutively, "[w]e will not disturb consecutive sentences unless the aggregate sentence is 'grossly disparate' to the defendant's conduct, or 'viscerally appear[s] as patently unreasonable.'" ***Commonwealth v. Brown***, 249 A.3d 1206, 1212 (Pa. Super. 2021) (quoting ***Commonwealth v. Gonzalez–Dejusus***, 994 A.2d 595, 599 (Pa. Super. 2010)).

By statute, we must affirm a sentence that falls outside the sentencing guidelines unless that sentence is unreasonable. 42 Pa.C.S.A. § 9781(c)(3). In our review, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

On the merits, Waiters argues that the sentence was excessive based on the factors of 42 Pa.C.S.A. § 9721(b). Waiters' Brief at 11. Waiters indicates that the sentencing court focused only on his refusal to name his co-conspirator and the seriousness of the offenses, referring to the Section 9721(b) factors only in passing. *Id.* at 11–12. Waiters claims that in encouraging him to reveal the name of his co-conspirator, the sentencing

court assumed a prosecutorial role. *Id.* at 12. Waiters quotes the following

exchange to rebut the presumption that the sentencing court was aware of

the contents of the pre-sentence investigation report:

> THE COURT: Did we get a pre-sentence investigation?
>
> [Defense counsel]: Yes, we did, Your Honor, and a mental health, too.
>
> THE COURT: Mental health?
>
> [Prosecutor]: Yes.
>
> THE COURT: In the mental health does it say anything that would indicate he should be mitigated?

N.T., 3/13/20, at 9.

Waiters argues that the sentencing court failed to follow the Sentencing

Code's requirement to state the reason for exceeding the guidelines. Waiters'

Brief at 14. Finally, Waiters points out that nothing in the record shows that

the sentence was necessary to protect the public and support his rehabilitative

needs, and so it was unjustifiably long. *Id.* at 14–15.

For its part, the Commonwealth submits that when a court sentences

outside the guideline range, the court must demonstrate that it is aware of

the guideline range. Commonwealth's Brief at 6 (citing 42 Pa.C.S.A.

§ 9721(b) and *Commonwealth v. Durazo*, 210 A.3d 316, 320 (Pa. Super.

2019)). The Commonwealth argues that because the parties in this case told

the sentencing court an incorrect guideline range for robbery, and the court

did not demonstrate awareness of the correct range, we must remand for

resentencing. *Id.* at 6–7 (quoting N.T., 3/13/20, at 11).

The sentencing court, in its Rule 1925(a) opinion, explained the reasons for its imposing the maximum possible sentence, which was outside the calculated guidelines:

> In the instant case, Robbery carries an Offense Gravity Score ("OGS") of ten (10), and [Waiters] has a Prior Record Score ("PRS") of zero (0). Utilizing the Deadly Weapons [Possessed] enhancement, the Guidelines for Robbery with Intent to Inflict Serious Bodily Injury call for thirty-one to forty-five (31-45[)] months of incarceration, plus or minus twelve months for aggravating or mitigating circumstances. For the charge of Criminal Conspiracy, with an OGS of nine (9), the Guidelines call for thirty to forty-two (30-42) months of incarceration, plus or minus twelve months. This Court did, in fact, consider and acknowledge these Guidelines in sentencing [Waiters] but deviated from them based on the seriousness of the offense and the extreme indifference to public safety exhibited by [Waiters].
>
> This Court also fully considered all mitigating and aggravating factors in fashioning its sentence. Specifically, this Court considered that [Waiters] has significant family support, as shown by his family's presence at the time of sentencing. This Court also considered that [Waiters] has a history of drug abuse, that he was in the dependency system as a child, and that he has a solid work history. This Court also took into account [Waiters'] apology at the time of allocution, as well as the fact that he took responsibility for his actions by pleading guilty. Despite all of this, there were numerous aggravating factors that led this Court to determine that a significant state sentence was necessary in this case. [Waiters] committed a gunpoint robbery, during which he forced a 16 year old girl to the ground and then kicked her. He and his accomplice then chose to stop their vehicle and, instead of simply fleeing the scene, fire multiple shots at the store owner in the streets of Philadelphia, where any number of people could have been seriously injured. While his PRS is a zero, [Waiters] has a juvenile adjudication for indecent assault. It is clear from all of these factors that [Waiters] poses a significant threat to public safety if he is not incarcerated, and that he requires a substantial sentence in order to be rehabilitated.

Sentencing Court Opinion at 4–5.

- 11 -

The record reflects that the sentencing court considered the severity of the offense and the guidelines that were provided by counsel. N.T., 3/13/20, at 15–16. However, the transcript of the sentencing proceeding does not reflect that the court considered Waiters' apology. *Id.* at 15 ("Let the record reflect that I gave the defendant two opportunities for his right of allocution and on both he refused to allocute, but I did give it to him."). Despite the court having ordered a pre-sentence investigation at the time of Waiters' plea, there is nothing to indicate that the court considered the report at sentencing; in fact, the portion of the transcript quoted by Waiters indicates that the court was unaware of whether there was a pre-sentence report. *Id.* at 9 (questioning whether there was a pre-sentence investigation and mental health report). Waiters has thus rebutted the presumption that the court was aware of the contents of the pre-sentence report. However, on appeal, he does not indicate what was in the report that the court failed to consider.

We note that a sentencing court can consider a defendant's refusal to name his co-conspirator in an offense to which he has pled guilty. *Roberts v. United States*, 445 U.S. 552, 561–62 (1980) (finding no constitutional error in a district court's considering a defendant's failure to cooperate in the investigation of his conspiracy following a guilty plea); *Commonwealth v. Begley*, 780 A.2d 605, 644 (Pa. 2001) (equating failure to cooperate with authorities on simple matters with potential for rehabilitation); *accord Commonwealth v. Frazier*, 500 A.2d 158, 160 (Pa. Super. 1985). This does not violate a defendant's right against self-incrimination unless it relates to

other crimes not charged. ***Commonwealth v. Constantine***, 478 A.2d 39, 41 (Pa. Super. 1984); ***see also Commonwealth v. Scott***, 860 A.2d 1089 (Pa. Super. 2004) (finding it impermissible to consider prosecutor's testimony that a counseled defendant refused an *ex parte* offer to cooperate in another matter). Here, the sentencing court could consider Waiters' refusal to name his co-conspirator.

Nevertheless, it appears that the sentencing court did not consider the proper starting point of the sentencing guidelines when fashioning Waiters' sentence. We note that the guidelines are advisory; a sentencing court must consider them but is not required to sentence within them. ***Commonwealth v. Smith***, 186 A.3d 397, 400 (Pa. 2018) (citing ***Walls***, 926 A.2d at 962). The Sentencing Code provides in relevant part that a court must consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing. 42 Pa.C.S.A. § 9721(b). Additionally:

> In every case where the court imposes a sentence . . . outside the guidelines[,] the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines . . . . Failure to comply shall be grounds for vacating the sentence . . . and resentencing the defendant.

***Id.***

Pennsylvania's first sentencing guidelines became effective in 1982. Thereafter, we vacated an above-guideline sentence where the record did not indicate that the sentencing court was aware of the guideline range, and where the sentencing court did not advise the defendant what the guidelines were.

*Commonwealth v. Royer*, 476 A.2d 453, 458 (Pa. Super. 1984). We later explained that a court's statement of reasons for sentencing outside the guidelines explains its rationale and shows that it considered the guidelines. *Commonwealth v. Chesson*, 509 A.2d 875, 876 (Pa. Super. 1986). "We cannot analyze whether there are adequate reasons for the deviation unless it is first apparent that the court was aware of, and considered, the guidelines. The chief concern expressed in *Royer* was that the sentencing court be at least familiar with the suggested guidelines range." *Id.*

We refined our analysis of what is needed when sentencing outside the guidelines in *Commonwealth v. Rodda*, 723 A.2d 212 (Pa. Super. 1999) (*en banc*). Examining the consequences of requiring "magic words" at sentencing, we recognized that Section 9721(b) does not require a court to recite the guidelines before deviating from them. *Id.* at 216. In such cases, we held

> that when imposing sentence, a trial court has rendered a proper 'contemporaneous statement' under section 9721(b) of the Sentencing Code, so long as the record demonstrates with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them.

*Id.* Thus, "[w]hen a court chooses to depart from the guidelines[,] it must 'demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines.'" *Durazo*, 210 A.3d at 320 (quoting *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008)). If a sentencing court does not correctly calculate the starting point under the guidelines, we vacate the

- 14 -

judgment of sentence and remand the case for resentencing. ***See, e.g.***, ***Commonwealth v. Tavarez***, 174 A.3d 7, 11 (Pa. Super. 2017).

In this appeal, the parties now agree that the guideline range for robbery is 40 to 54 months, plus or minus 12 months. Commonwealth's Brief at 6, Waiters' Brief at 14. The Commonwealth's sentencing memorandum included guideline ranges for all three offenses, including 40 to 54 months for robbery. However, at the sentencing proceeding, defense counsel stated, and the prosecutor agreed, that the standard range for robbery was "31 to 45 plus or minus." N.T., 3/13/20, at 11–12.[5] There is no indication that the court was aware of the 40-to-54-month guidelines as a starting point. For instance, the court did not indicate that it read the pre-sentence report or the Commonwealth's sentencing memorandum. Rather, the only indication on the record of the guidelines for the robbery conviction included an incorrect range of 31 to 45 months. The court then indicated in its opinion the same incorrect guideline range for robbery. Sentencing Court Opinion at 4. Because

_____

[5] The calculated standard range of 31 to 45 months, as explained in the sentencing court opinion, results from an OGS of 10 and the deadly weapon possessed enhancement. This is based on 18 Pa.C.S.A. § 3701(a)(1)**(ii)**; however, the record indicates that Waiters was convicted under 18 Pa.C.S.A. § 3701(a)(1)**(i)**. The correct OGS for this offense is 12. The standard range based on an OGS of 12 with no enhancement is 40 to 54 months.

Critically, a sentencing court is also required to consider an applicable enhancement matrix. 204 Pa.Code § 303.10(a)(2); ***e.g.***, ***Commonwealth v. Shull***, 148 A.3d 320, 329–32 (Pa. Super. 2016) (requiring consideration of the deadly weapon used matrix where the defendant threatened the victim with a gun). Here, the standard range for an OGS of 12, applying the deadly weapon used enhancement, is **66 to 84** months.

the court did not have the benefit of the correct sentencing guidelines for Waiters' robbery conviction, we are constrained to vacate the entire judgment of sentence and remand for resentencing. ***Tavarez***, ***supra***.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judge King joins the Memorandum.

Judge McLaughlin concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/28/2022*